23-7064-cr
*United States v. Maye*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of December, two thousand twenty-four.

Present:

> GERARD E. LYNCH,
> EUNICE C. LEE,
> MYRNA PÉREZ,
> *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

*Appellee,*

v.                                                                           No. 23-7064-cr

MARIUS LAMONT MAYE, AKA PEE WEE,

*Defendant-Appellant.*

_____

For Appellee:                          BRENDAN KEEFE, Assistant United States Attorney (Sandra S. Glover, Assistant United States Attorney, *on the brief*), *for* Vanessa Roberts Avery, United States Attorney for District of Connecticut, New Haven, CT.

For Defendant-Appellant: ROBERT H. HENDRICKS, Assistant Federal Defender (Tracy Hayes, Assistant Federal Defender, Terence S. Ward, Federal Defender, *on the briefs*), Office of the Federal Public Defender, Hartford, CT.

Appeal from a September 1, 2023 judgment of the United States District Court for the District of Connecticut (Williams, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Marius Lamont Maye appeals from a district court judgment convicting him, following a guilty plea, of two counts of possession with intent to distribute fentanyl and one count of possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(C); and sentencing him to a term of 72 months' imprisonment, to be followed by eight years of supervised release. Maye argues that the district court procedurally erred in imposing this sentence by improperly calculating his total criminal history score under the United States Sentencing Guidelines ("Sentencing Guidelines" or "U.S.S.G.").

At sentencing, Maye argued that a prior 2003 sentence from North Carolina should not count towards his criminal history score because his period of incarceration for that sentence fell outside of the 15-year lookback period contemplated by Section 4A1.1 of the Sentencing Guidelines. On October 8, 2003, a North Carolina court sentenced Maye to a term of 11 to 14 months' imprisonment following his guilty plea to felony possession and possession with intent to distribute cocaine ("NC Sentence"). The NC Sentence was to run concurrently with a two-year sentence Maye was serving in Connecticut for an unrelated November 2002 conviction ("CT Sentence"). On November 10, 2003, Maye was transferred back to Connecticut from North Carolina to serve the remainder of his CT Sentence.

2

Maye argued in the district court that he should not have been assigned three criminal history points for the NC Sentence, pursuant to U.S.S.G. §§ 4A1.1(a) and 4A1.2(e), because the sentence did not result in his being incarcerated within fifteen years of the commencement date of the instant offense conduct on January 11, 2019. Rather, he contended that he stopped serving time for the NC Sentence by November 10, 2003.

The government refuted Maye's claim, contending that, based on a letter that the U.S. Probation Office had received from North Carolina law enforcement officials, Maye had not completed service of his NC Sentence in November 2003, but rather was only released from physical custody in North Carolina so that, pursuant to the Interstate Agreement on Detainers ("IAD"), he could be transferred to Connecticut to serve time for the concurrent CT Sentence simultaneously. This letter, dated October 30, 2003, from the North Carolina Department of Correction ("NCDOC") to Enfield (CT) Correctional Institution, stated that Maye had been sentenced to a term of 11 to 14 months' imprisonment for his North Carolina conviction, to run concurrently with the CT Sentence, and had a projected release date of August 9, 2004, for his NC Sentence. *See* App'x at 73 (letter providing that Maye was being "returned [to Connecticut's custody] under the provisions of the IAD" and requesting, on behalf of the NCDOC, that a detainer be lodged against him).

Ultimately, the district court concluded that the government had proved by a preponderance of the evidence that the NC Sentence should count towards Maye's total criminal history score because Maye continued to serve time for the NC Sentence beyond January 11, 2004. Accordingly, the district court found that Maye's criminal history score was 12, placing him in Criminal History Category V; and, based on a total offense level of 22, the applicable Guidelines range was 77 to 96 months' imprisonment. The district court imposed a term of 72 months'

3

imprisonment. Without the inclusion of his NC Sentence in the criminal history score, Maye would have fallen within Criminal History Category IV, with a Guidelines range of 63 to 78 months' imprisonment.

We assume the parties' familiarity with the remaining underlying facts, the procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision.

\* \* \*

We review a district court's sentencing decision for reasonableness, using "a deferential abuse-of-discretion standard." *United States v. Cavera*, 550 F.3d 180, 187, 189 (2d Cir. 2008) (en banc) (internal quotation marks omitted). "A sentence is procedurally unreasonable if a district court committed an error of law in the course of exercising discretion, or erred in determining the applicable Guideline range." *United States v. Vargas*, 961 F.3d 566, 570 (2d Cir. 2020) (alterations adopted) (quoting *United States v. Johnson*, 567 F.3d 40, 51–52 (2d Cir. 2009)). When reviewing a sentencing decision, we review the "district court's interpretation and application of the Guidelines *de novo*, and its factual findings for clear error." *United States v. Solis*, 18 F.4th 395, 401 (2d Cir. 2021) (internal citation omitted). The district court's factual findings "need be supported only by a preponderance of the evidence," *United States v. Norman*, 776 F.3d 67, 76 (2d Cir. 2015), and can be based on "circumstantial evidence and on reasonable inferences drawn therefrom," *United States v. Gaskin*, 364 F.3d 438, 464 (2d Cir. 2004).

On appeal, Maye contends that the district court's determination that the NC Sentence fell within the fifteen-year lookback period was based on insufficient evidence. Specifically, he argues that the October 30, 2003 letter was an inadequate basis upon which the district court could make this determination because that letter only provided a projected release date, rather than his actual release date for the NC Sentence. Maye maintains that he stopped serving time for the NC

4

Sentence when he was released from custody on November 10, 2003. Based on our review of the record, we conclude that the district court did not clearly err in finding that the NC Sentence counted towards Maye's total criminal history score.

It is undisputed that on November 10, 2003, Maye was transferred from North Carolina's custody to Connecticut law enforcement. However, the October 30, 2003 letter, and the district court's interpretation of that letter, suggests that despite the transfer, Maye was still serving his NC sentence. In the letter, the NCDOC requested that the Enfield Correctional Institution "lodge a detainer against Mr. Maye" on its behalf and advise it when Maye was available for release "to our department." App'x at 73. Both requests suggest that NCDOC believed Maye's NC sentence could outlast his CT sentence. Further, the district court interpreted the letter as suggesting that all of Maye's movements were pursuant to the IAD. Based on this information, the district court reasonably concluded that although Maye was released from *physical* custody on November 10, 2003, he continued to serve time for the NC Sentence when he was transferred to Connecticut.

Other evidence in the record supports the district court's finding that Maye's NC Sentence was not complete before January 11, 2004. Specifically, evidence before the district court provided that by the time Maye was sentenced, he had received 119 days of time-served credit towards the NC Sentence for his time in pretrial detention in North Carolina.[1] With that amount

---

[1] In his opening brief, Maye argues that at the time of his November 10, 2003 release, he had been credited with at least 180 days towards his sentence, as evidenced by a document from the Pitt County, NC Sheriff's Office. However, assuming *arguendo* that Maye accumulated 180 days in time-served credit, he still would not have completed service of the NC Sentence before January 11, 2004. In an effort to push back against this conclusion, Maye then argues for the first time in his reply brief that under the IAD, it is possible he could have received additional credit for time he served in Connecticut while waiting to be transferred to North Carolina to resolve the pending charges against him there. We consider that argument to be forfeited. *See JP Morgan Chase Bank v. Altos Hornos de Mex., S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir. 2005) ("[A]rguments not made in an appellant's opening brief are waived even if the appellant pursued

5

of time-served credit factored into his sentence, Maye would have been required to serve approximately 7 to 10 months of incarceration following his sentencing on October 8, 2003, meaning that he would have completed the NC Sentence no earlier than May 2004 and no later than August 2004. Thus, even if the August 9, 2004 projected release date in the NCDOC letter was not the actual date Maye stopped serving time for the NC Sentence, it was reasonable for the district court to determine, based on a preponderance of the evidence, that Maye continued to serve time for the NC Sentence beyond January 11, 2004. Accordingly, we find no clear error in the district court's determination that the NC Sentence counted towards Maye's criminal history score. Consequently, Maye's sentence was procedurally reasonable.

*        *        *

For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

those arguments in the district court or raised them in a reply brief."). However, even if the argument was not forfeited, we find it to be speculative and not grounded in any evidence that was before the district court.